# EXHIBIT

# A

**HCDistrictclerk.com**    OMANAVIC, MAJA vs. ALLSTATE VEHICLE AND       12/27/2019
                           PROPERTY INSURANCE COMPANY
                           Cause: 201980144      CDI: 7    Court: 125

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 88615716 | Defendants Original Answer and Request for Disclosure | | 12/19/2019 | 5 |
| 88470157 | Citation | | 12/11/2019 | 1 |
| 88422521 | Civil Process Pick-Up Form | | 12/06/2019 | 1 |
| 88382645 | Letter to Clerk with Jury Fee | | 12/05/2019 | 1 |
| 87917317 | Plaintiffs' Original Petition | | 11/04/2019 | 13 |
| -> 87917318 | Civil Process Request Form | | 11/04/2019 | 1 |

**Harris County Docket Sheet**

# 2019-80144

**COURT:**  125th

**FILED DATE:**  11/4/2019

**CASE TYPE:**  Insurance



---

### OMANAVIC, MAJA

**Attorney: COLLINS, WAYNE DONALD**

#### vs.

### ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

**Attorney: CAUSEY, JOHN MICHAEL**

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

11/4/2019 12:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38195590
By: Carolina Salgado
Filed: 11/4/2019 12:25 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **MAJA OMANOVIC and** | § | **IN THE DISTRICT COURT OF** |
| **FELIPE ARMAZA ARCE** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **ALLSTATE VEHICLE and PROPERTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | **__ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

Maja Omanovic and Felipe Armaza Arce ("Plaintiffs") complaining of Allstate Vehicle and Property Insurance Company and ("Defendant") and respectfully shows as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II.
## PARTIES AND PROCESS SERVICE

2.      Plaintiff(s) reside in Harris County, Texas.

3.      Defendant Allstate Vehicle and Property Insurance Company is an insurance company engaging in the business of insurance in Texas. This defendant may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. The Clerk is requested to issue Citations, immediately.

## III.
## JURISDICTION

4.      Plaintiffs seek monetary relief over $1,000,000, excluding interest and costs.   Such damages sought are within the jurisdictional limits of the court.   Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

5.     The court has jurisdiction over Defendant because Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

6.     Venue is proper in Harris County, Texas, because the insured Properties giving rise to this cause of action is situated in Harris County, Texas.   TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

7.     Defendant have been provided notice, in writing, of the Claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

8.     All conditions precedent necessary to maintain this action and the Claims under the Policy have been performed, occurred, or have been waived by Defendant; and/or Defendant is otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

9.     Plaintiff is the owner of certain real Properties with improvement (including Plaintiffs' homes):

Certified Document Number: 87917317 - Page 2 of 13

a.        4919 TRAVIS ST., HOUSTON, TEXAS 77002;

(the "Properties").  The Properties was insured by insurance policy number issued by Defendant (the "Policy").  Plaintiff is the owner of the Policy and the named insured on the Policy.

10.     On or about during the time of Hurricane Harvey, or another time when the Policy was in effect, a severe storm caused substantial damage to the Properties and constituted a covered loss under the Policy (Policy #838529659).   After the loss, Plaintiff made a Claim (Claim #0473552750) and demand for payment on Defendant for damages to the Properties and other damages covered by the terms of the Policy (the "Claims").   After Plaintiff made the Claims, Defendant assigned or otherwise retained its employees and/or agents Defendant Adjustors to work on Plaintiff's Claims.  All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's Claims.  Further, Defendants has refused to pay all amounts due and owing under the Policy for the Claims.

11.     Defendant Adjustors made numerous errors in estimating the value of Plaintiff's Claims, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant Adjustors failed to fully quantify Plaintiff's damages, thus demonstrating that this defendant did not conduct a thorough investigation of Plaintiff's Claims. Defendant conducted a substandard investigation of Plaintiff's Claims, evidenced by the estimate issued by Defendant Adjustors and relied upon by Defendant Adjustors.  The damage estimate failed to include all damages to Plaintiff's Properties.  The damages Defendant Adjustors included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendants failed to thoroughly review and properly supervise the adjustment of the Claims, including the inspection of the Properties, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's Claims. Further,

Certified Document Number: 87917317 - Page 3 of 13

Defendant Adjustors knowingly and intentionally overlooked damages at the Properties and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's Claims. Because of Defendant Adjustor's conduct, Plaintiff's Claims was underpaid and partially-denied.

12.     Defendants failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendants refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendants' conduct constitutes a breach of the contract between Defendants and Plaintiff.

13.     All Defendants misrepresented to Plaintiff that much of the damage to the Properties was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(1).

14.     All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claims, when Allstate's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(2)(a).

15.     All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's Claims. Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(3).

Certified Document Number: 87917317 - Page 4 of 13

16.    All Defendants failed to affirm or deny coverage of Plaintiff's Claims within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire Claims, in writing from Defendants.  Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(4).

17.    All Defendants refused to fully compensate Plaintiff for the Claims without conducting a reasonable investigation of the Claims.  Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's Claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claims.  Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(7).

18.    Defendants failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's Claims, beginning an investigation of Plaintiff's Claims and requesting all information reasonably necessary to investigate Plaintiff's Claims within the statutorily mandated time of receiving notice of Plaintiff's Claims.  Defendant Allstate's conduct constitutes a violation of TEX. INS. CODE §542.055.

19.    Defendants failed to accept or deny Plaintiff's full and entire Claims within the statutorily mandated time of receiving all necessary information.  Defendant Allstate's conduct constitutes a violation of TEX. INS. CODE §542.056.

20.    Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of Claims without delay.  Specifically, Defendants have delayed full payment of Plaintiff's Claims longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's Claims.  Defendants' conduct constitutes a violation of TEX. INS. CODE §541.058.

21.    From and after the time Plaintiff's Claims was presented to Defendant Allstate, the liability of Defendants to pay the full Claims in accordance with the terms of the Policy was reasonably

Certified Document Number: 87917317 - Page 5 of 13

clear. However, Defendants has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

22.    All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

23.    Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANTS

24.    Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.    Breach of Contract.

25.    The Policy is a valid, binding and enforceable contract between Plaintiff and Defendants. Defendants breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendants' breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendants are estopped from raising the issue due to Defendants' prior breach of the insurance contract.

### B.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

Certified Document Number: 87917317 - Page 6 of 13

26.     The conduct, acts, and/or omissions by Defendants constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.     Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

28.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claims, even though Defendant Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(2)(A).

29.     Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(3).

30.     Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

31.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's Claims without conducting a reasonable investigation, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(7).

32.      Defendants' conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendants refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C.      Prompt Payment Of Claims Violations.

33.      The Claims is a Claims under an insurance policy with Defendants of which Plaintiff gave Defendants proper notice. Defendants is liable for the Claims.  Defendants violated the prompt payment of Claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a)   Failing to acknowledge receipt of the Claims, commence investigation of the Claims, and/or request from Plaintiff all items, statements, and forms that Defendants reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

   b)   Failing to notify Plaintiff in writing of its acceptance or rejection of the Claims within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

   c)   Delaying payment of the Claims following Defendant State Farm's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

34.      Defendants' violations of these prompt payment of Claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D.      Breach Of The Duty Of Good Faith And Fair Dealing.

35.      Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claims when Defendants knew or should have known that

its liability to Plaintiff was reasonably clear.  Defendants' conduct proximately caused Plaintiff

injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST
## DEFENDANT ADJUSTORS

36.    Defendant Adjustors is an insurance adjuster that was assigned or otherwise engaged by

Adjustors to adjust the Claims.

### A.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

37.    The conduct, acts, and/or omissions by Defendant Adjustors, while adjusting the Claims

constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations

under this article are made actionable by TEX.INS.CODE §541.151.

38.    Defendant Adjustors is individually liable for unfair and deceptive acts, irrespective of the

fact this Defendant was acting on behalf of Defendant Adjustors, because Defendant Adjustors is

a "person" as defined by TEX.INS.CODE §541.002(2).  The term "person" is defined as "any

individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds

plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including

an agent, broker, *adjuster* or life and health insurance counselor."  TEX.INS.CODE §541.002(2)

(emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966

S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the

purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting

them to individual liability).

39.    The unfair settlement practices of Defendant Adjustors, as described above, in

misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair

Certified Document Number: 87917317 - Page 9 of 13

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40.     The unfair settlement practices of Defendant Adjustors, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

41.     The unfair settlement practices of Defendant Adjustors, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's Claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(3).

42.     The unfair settlement practices of Defendant Adjustors as described above, in failing within a reasonable time to affirm or deny coverage of the Claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(4).

43.     The unfair settlement practices of Defendant Adjustors, as described above, in refusing to pay Plaintiff's Claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

44.     The unfair settlement practices of Defendant Adjustors, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant Adjustors refused to even offer more than their

own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

45. Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

46. Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

47. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's Claims, together with attorney fees.

48. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

49. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claims, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's Claims as damages, together with attorney's fees. TEX.INS.CODE §542.060.

50. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

51.     For the prosecution and collection of this Claims, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

52.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

53.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

54.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**BARTON LAW FIRM**

By:      */s/  Wayne D. Collins*
        DANIEL P. BARTON
        State Bar No.: 00789774
        dbarton@bartonlawgroup.com
        WAYNE D. COLLLINS
        State Bar No.  00796384
        wcollin@bartonlawgroup.com
        1201 Shepherd Drive
        Houston, Texas 77007
        (713) 227-4747- Telephone
        (713) 621-5900- Fax
        Email for Service: eservice@bartonlawgroup.com

Certified Document Number: 87917317 - Page 13 of 13



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 27, 2019

Certified Document Number:        87917317 Total Pages:  13

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/4/2019 12:25:14 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38195590
By: SALGADO, CAROLINA
Filed: 11/4/2019 12:25:14 PM

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiffs' Original Petition

**FILE DATE OF MOTION:** 11/04/2019

Month/          Day/          Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** Allstate Vehicle and Property Insurance Company

   **ADDRESS:** 1999 Bryan Street, Suite 900, Dallas, Texas 75201

   **AGENT,** (*if applicable*): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

**SERVICE BY** (*check one*)
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [✓] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: ProActive Legal          Phone: _____
- [ ] **MAIL**          [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
  - Type of Publication:   [ ] **COURTHOUSE DOOR,** or
  -                        [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. **NAME:** _____

   **ADDRESS:** _____

   **AGENT,** (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____          Phone: _____
- [ ] **MAIL**          [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
  - Type of Publication:   [ ] **COURTHOUSE DOOR,** or
  -                        [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** Daniel P. Barton          **TEXAS BAR NO./ID NO.** 00789774

**MAILING ADDRESS:** 1201 Shepherd Dr., Houston, Texas 77007

**PHONE NUMBER:** 713 | 227-4747          **FAX NUMBER:** 713 | 621-5900
                  area code | phone number                    area code | fax number

**EMAIL ADDRESS:** dbarton@bartonlawgroup.com

Certified Document Number: 87917318 - Page 1 of 1

CIVC108 Revised 9/3/99



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 27, 2019

Certified Document Number:        87917318 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/5/2019 10:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38995809
By: Carolina Salgado
Filed: 12/5/2019 10:34 AM

# BARTON
## LAW FIRM

Daniel Patrick Barton – Attorney At Law                    Wayne D. Collins – Attorney at Law
dbarton@bartonlawgroup.com                                 wcollins@bartonlawgroup.com

December 5, 2019

Harris County District Clerk
201 Caroline
Houston, Texas

Re:      Cause No. 2019-80144; *Maja Omanovic and Felipe Armaza Arce v. Allstate Vehicle and Property Insurance Company*

To Whom It May Concern:

When Plaintiffs' Original Petition was filed on November 4, 2019, the requested fees for issuance of citation and the jury fee were not processed.  Please accept payment of those fees at this time.

Sincerely,

Daniel P. Barton

Certified Document Number: 88382645 - Page 1 of 1

1201 Shepherd Drive       Houston, Texas  77007       Telephone (713) 227-4747       Fax (713) 621-5900



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 27, 2019

Certified Document Number:      88382645 Total Pages: 1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

**CAUSE NUMBER:** __ 201980144 __

ATY _____     CIV ⨉ _____     COURT _125th _

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY:** __ BARTON, DANIEL __   **\* PH:** __ (713) 227-4747 __ |
| **\*CIVIL PROCESS SERVER:** ProActive Legal 30 |
| **\*PH:** _____ |
| **\*PERSON NOTIFIED SVC READY:** _____ |
| **\* NOTIFIED BY:** _____ |
| **\*DATE:** _____ |

Type of Service Document:_Citation___         Tracking Number _ 73702485 _
Type of Service Document: _____         Tracking Number _____
Type of Service Document: _____         Tracking Number _____
Type of Service Document: _____         Tracking Number _____
Type of Service Document: _____         Tracking Number _____
Type of Service Document: _____         Tracking Number _____
Type of Service Document: _____         Tracking Number _____

**Process papers prepared by:** _**Carolina Salgado**__

**Date:** _12 / 06 / 2019_         30 days waiting  _01 /_05 /2019_

| |
|---|
| **\*Process papers released to:** _____ |
| (PRINT NAME) |
| 781 927-5529 |
| **\*(CONTACT NUMBER)**          (SIGNATURE) |
| **\*Process papers released by:** Lisa Thomas |
| (PRINT NAME) |
| Lisa Thomas |
| (SIGNATURE) |
| **\* Date:** 12-6-19 , 2019  Time: 1:15  AM PM |

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

**Entire document  must be completed**   (do not change this document)  Revised 1/3/2019

Certified Document Number: 88422521 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 27, 2019

Certified Document Number:        88422521 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/11/2019 8:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope,No. 39150813
By: JIMMY RODRIGUEZ
Filed: 12/11/2019 8:59 AM

CAUSE NO.   201980144

RECEIPT NO.                          0.00      CIV
           *********        TR # 73702485

PLAINTIFF: OMANAVIC, MAJA                         In The  125th
            vs.                                   Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    of Harris County, Texas
                                                  125TH DISTRICT COURT
                                                  Houston, TX

CITATION

THE STATE OF TEXAS                                56026-1
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING ITS
    REGISTERED AGENT CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS TX  75201
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 4th day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 6th day of December, 2019, under my hand and
seal of said Court.

Issued at request of:                          MARILYN BURGESS, District Clerk
BARTON, DANIEL PATRICK                         Harris County, Texas
1201  SHEPHERD DRIVE                           201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 227-4747
Bar No.: 789774                                Generated By: SALGADO, CAROLINA  G17//11395151



OFFICER/AUTHORIZED PERSON RETURN
Came to hand at _9:55_ o'clock _A_ .M., on the _9TH_ day of _December_, 2019.
Executed at (address) _1999 Bryan St. Dallas, TX. 75201_ in
_Dallas_ County at _11:45_o'clock _A_.M., on the _10TH_ day of _December_
_2019_, by delivering to _Allstate Vehicle And Property Insurance Co._ defendant, in person, a
true copy of this Citation together with the accompanying _1_ copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _10TH_ day of _December_, 2019.

FEE: $ _N/A_
                                               _Steve Shepherd_
                                               of _Tarrant_ County, Texas
_Steve Shepherd_                               By _Steve Shepherd_
   Affiant                                        Deputy Affiant

On this day, _December 10, 2019 David Shepherd_ known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _10th_ day of _December_, 2019.

                                               _____
                                               Notary Public

KARLA FERNANDEZ
Notary ID #131304248
My Commission Expires
October 4, 2021

N.INT.CITR.P                                   73702485*

_Steve Shepherd_
PSC 12714
Exp.: 6/30/2020

Certified Document Number: 88470157  Page



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 27, 2019

Certified Document Number:        88470157 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/19/2019 3:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39400859
By: Shanelle Taylor
Filed: 12/19/2019 3:00 PM

**CAUSE NO. 2019-80144**

| | | |
|---|---|---|
| **MAJA OMANOVIC and FELIPE** | § | **IN THE DISTRICT COURT OF** |
| **ARMAZA ARCE,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **ALLSTATE VEHICLE and** | § | |
| **PROPERTY INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | **125TH JUDICIAL DISTRICT** |

**DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Vehicle and Property Insurance Company, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

**I.**

**GENERAL DENIAL**

At this time Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

**II.**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

1

## III.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because conditions precedent to Plaintiffs' recovery have not occurred. For example, and without limitation, Plaintiffs failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by ' 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

## IV.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' claims are excluded by the applicable insurance policy.

## V.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiffs or others. Accordingly, Plaintiffs' claims are barred or must be reduced under the doctrine of contributory or comparative fault.

## VI.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to cooperate in the handling of their claim, as required by the policy.

## VII.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because such an award would violate

Certified Document Number: 88615716 - Page 2 of 5

2

Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of §33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

## NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Certified Document Number: 88615716 - Page 3 of 5

COMES NOW, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $ 40.00 as jury fee.

## REQUEST FOR DISCLOSURE = (Make sure it is here.)

Under Texas Rules of Civil Procedure 190 and 194 Defendant requests Plaintiffs disclosure, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Vehicle and Property Insurance Company prays that the Plaintiffs recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

/s/ *John M. Causey*
John M. Causey
State Bar No.
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

Please be advised that the ***only*** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

4

Certified Document Number: 88615716 - Page 4 of 5

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer and Request for Disclosure has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer and Request for Disclosure has been delivered to all interested parties on December 19, 2019, correctly addressed to:

Daniel P. Barton
State Bar No.: 00789774
dbarton@bartonlawgroup.com
Wayne D. Colllins
State Bar No. 00796384
wcollin@bartonlawgroup.com
BARTON LAW FIRM
1201 Shepherd Drive
Houston, Texas 77007
(713)227-4747- Telephone
(713) 621-5900-Fax
Email for Service: eservice@bartonlawgroup.com

**ATTORNEY FOR PLAINTIFFS**

_/s/ John M. Causey_____
John M. Causey

Certified Document Number: 88615716 - Page 5 of 5



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 27, 2019

Certified Document Number:      88615716 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**